UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAGE GROWTH CORP.,

          Plaintiff,

v.

CHAD PROUDLOCK,

          Defendant.

Case No. 2:22-cv-11513

HONORABLE STEPHEN J. MURPHY, III

_____/

## ORDER GRANTING MOTION TO REMAND [4]

Plaintiff Gage Growth sued Defendant Chad Proudlock and a limited liability company on April 1, 2022. ECF 1-1, PgID 7–14. Defendant received a copy of the summons and complaint from a process server on April 8, 2022. ECF 4-2, PgID 660. Plaintiff ultimately dismissed the limited liability company without prejudice, ECF 1-1, PgID 17–18, and amended the complaint to reflect the change, *id.* at 19–27. Defendant Chad Proudlock then removed the present case from Wayne County Circuit Court on July 5, 2022 based on the Court's diversity jurisdiction. ECF 1, PgID 3.

Plaintiff moved to remand the case to Wayne County Circuit Court for several reasons. ECF 4. In particular, Plaintiff moved to remand based on the forum defendant rule, 28 U.S.C. § 1441(b)(2), and an untimely removal. ECF 4, PgID 647–51. Plaintiff also requested that the Court order Defendant to pay fees because Defendant had no reasonable basis for removing the case. *Id.* at 651–55. For the

1

following reasons, the Court will grant the motion to remand and order Defendant's counsel to pay fees for the untimely removal.

A defendant must file a notice of removal "within [thirty] days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "Statutory procedures for removal are to be strictly construed such that all doubts as to the propriety of removal are resolved in favor of remand." *Nessel ex rel. Mich. v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (cleaned up). The time requirement for removing a civil case "is a strictly applied rule of procedure and untimeliness is a ground for remand." *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (quotation omitted). "A defendant has the burden of proving its right to a federal forum." *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 860 (N.D. Ohio 2008) (citations omitted).

Defendant asserted that Plaintiff lacks standing to seek a remand. ECF 8, PgID 753–55. Defendant also asserted his removal was timely because Plaintiff had filed an amended complaint, which Defendant removed within thirty days of receiving. *Id.* at 752–53. Both arguments fail.

First, Plaintiff obviously has standing to seek a remand. After all, Plaintiff instituted the case against Defendant. The Court will pass over Defendant's frivolous arguments that assert otherwise.

Second, Defendant received a copy of the summons and complaint from a process server on April 8, 2022. ECF 4-2, PgID 660.[1] His July 2022 removal was thus untimely. *See* § 1446(b)(1). The amended complaint does not restart the clock for Defendant to remove the case. Section 1446(b)(1)'s plain text states that a defendant must remove a case within thirty days of receiving "the initial pleading." *See also Groesbeck Invs., Inc. v. Smith*, 224 F. Supp. 2d 1144, 1148 (E.D. Mich. 2002). The complaint—not the amended complaint—was the initial pleading.

That said, the thirty-day clock would start from date of filing of the amended complaint "if the case stated by the initial pleading is not removable." § 1446(b)(3). *See also Groesbeck Invs., Inc.*, 224 F. Supp. 2d at 1148. But the complaint was removable because the limited liability company named in the complaint had Michigan citizenship. ECF 1-1, PgID 8. As a result, the thirty-day clock to remove the case began when Defendant was served with the original complaint—April 4, 2022. Because Defendant's removal was two months too late, the Court will grant the motion to remand and deny the motion to dismiss as moot.

Awarding costs and attorneys' fees on a remand order is within the Court's discretion. 28 U.S.C. § 1447(c); *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). The Court should award fees only if "the removing party lacked an objectively reasonable basis" for removal. *Warthman*, 549 F.3d at 1059 (quotation

---

[1] No evidence suggested that process server's affidavit was untruthful. Instead, Defendant merely claimed, without evidence, that he was not served. ECF 8, PgID 763 (citing ECF 1, PgID 1–4 and ECF 8, PgID 828–29). To compare, the process server's affidavit was sworn under penalty of perjury. ECF 4-2, PgID 660.

omitted). "[A] court abuses its discretion by refusing to award fees where the defendant's argument for removal was devoid of even fair support." *Mitchell v. Lemmie*, 231 F. Supp. 2d 693, 701 (S.D. Ohio 2002) (quotation omitted). Here, Plaintiff requested that Defendant pay attorneys' fees and costs, ECF 4, PgID 653–54, and Defendant had no reasonable basis for removing the case so late. The plain text of the removal statute is clear; so too is the case law. The Court must therefore award attorneys' fees and costs to Plaintiff.

**WHEREFORE**, it is hereby **ORDERED** that the motion to remand [4] is **GRANTED**. The case is **REMANDED** to Wayne County Circuit Court.

**IT IS FURTHER ORDERED** that the motion to dismiss [3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff is **AWARDED** attorneys' fees and costs incurred as a result of the untimely removal. Plaintiff must **FILE** evidence, **no later than September 6, 2022**, as to the amount of the attorneys' fees and costs that it incurred.

This is a final order that closes the case.

**SO ORDERED.**

             s/ Stephen J. Murphy, III
             STEPHEN J. MURPHY, III
             United States District Judge

Dated: August 25, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 25, 2022, by electronic and/or ordinary mail.

             s/ David P. Parker
             Case Manager