UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAGE GROWTH CORP.,

                Plaintiff,

v.

CHAD PROUDLOCK,

                Defendant.

Case No. 2:22-cv-11513

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER**
**<u>AWARDING ATTORNEYS' FEES AND COSTS</u>**

The Court remanded the case to the Wayne County Circuit Court in August 2022. ECF 9. In the remand order, the Court awarded attorneys' fees and costs to Plaintiff. *Id.* at 833. To determine the fees and costs award, the Court ordered Plaintiff to file evidence about the amount of attorneys' fees and costs that it incurred. *Id.* Plaintiff's counsel then filed an affidavit that explained the fees generated because of the removal totaled $21,974.00. ECF 12, PgID 839. The affidavit detailed each attorney's billing rate and hours worked per "aspect of the case." *Id.* at 838. Defendant filed no objection to counsel's affidavit.

**LEGAL STANDARD**

"In an attorneys' fee case, the primary concern is that the fee awarded be 'reasonable.' A reasonable fee is 'adequately compensatory to attract competent counsel yet . . . avoids producing a windfall for lawyers.'" *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007) (emphasis and internal citation omitted) (quoting

1

*Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) and *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004)). The Court possesses substantial discretion to award fees, but "must provide a clear and concise explanation of its reasons for the fee award." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (quotation and citation omitted).

The Court begins its attorneys' fee award calculation by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The calculation provides the Court with the "fee applicant's 'lodestar.'" *Adcock-Ladd*, 227 F.3d at 349 (citations omitted). The Court may, "within limits, adjust the 'lodestar' to reflect relevant considerations peculiar to the subject litigation." *Id.* (citation omitted).

Twelve factors influence the Court's adjustment of a fee award. *Perry v. AutoZone Stores, Inc.*, 624 F. App'x 370, 372 (6th Cir. 2015) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Disabled Patriots of Am., Inc. v. Taylor Inn Enterps., Inc.*, 424 F. Supp. 2d 962, 965–66 (E.D. Mich. 2006) (quotation and citation omitted); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) ("The *Johnson* factors may be relevant in adjusting the lodestar

amount, but no one factor is a substitute for multiplying reasonable billing rates by a reasonable estimation of the number of hours expended on the litigation."). The Court's analysis may subsume many of the factors. *See Hensley*, 461 U.S. at 434 n.9 (recognizing that a court's lodestar calculation may tacitly consider some of the *Johnson* factors).

## DISCUSSION

The "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. To carry the burden, attorneys must maintain time records detailed enough to enable courts to review the reasonableness of the hours expended. *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598 (2001). Courts then review the billing claims for, and exclude, "[e]xcessive, redundant, or otherwise unnecessary hours." *Butcher v. Bryson*, No. 3:12–00251, 2014 WL 4385876, at *3 (M.D. Tenn. Sept. 5, 2014) (citing *Hensley*, 461 U.S. at 434).

The Court will first address the two lodestar factors: reasonableness of hourly rate and reasonableness of hours. *Hensley*, 461 U.S. at 433. Then, the Court will consider any other relevant factors. *Adcock-Ladd*, 227 F.3d at 349.

I. <u>Reasonable Hourly Rate</u>

To determine a reasonable hourly rate, "courts should look to the hourly rates prevailing in the community for similar services by lawyers of reasonably comparable

skill, experience, and reputation." *Fuhr v. Sch. Dist. of Hazel Park*, 364 F.3d 753, 762 (6th Cir. 2004) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Plaintiff's counsel included one partner, two senior associates, and one junior associate. ECF 12, PgID 837. The partner billed $700 per hour. *Id.* The senior associates billed $340 and $290 per hour. *Id.* And the junior associate billed $215 per hour. *Id.* at 838.

The associate hourly rates are reasonable for two reasons. First, the associate hourly rates are at or below the mean hourly rate for attorneys practicing commercial litigation based on the State Bar of Michigan's Economics of Law Practice Survey. *See Hazzard v. Schlee & Stillman, LLC*, No. 13–10038, 2014 WL 117411, at *3 (E.D. Mich. Jan. 13, 2014) (noting that the Eastern District generally accepts the State Bar of Michigan's Economics of Law Practice Survey as its benchmark to determine reasonable hourly rates for attorneys), *adopted*, 2014 WL 634205 (E.D. Mich. Feb. 18, 2014). According to the survey, attorneys practicing commercial litigation billed a mean hourly rate of $341. ECF 12, PgID 858 (Table 7). Second, the associate rates are below the mean hourly rate for attorneys practicing in Southfield. *Id.* at 857 (Table 6) (mean hourly rate of $350). And the associates all practice in Southfield. *Id.* at 845, 847, 849. Thus, the $340, $290, and $215 hourly rates are reasonable.

The partner hourly rate is unreasonable for three reasons. One, based on the State Bar of Michigan's Economics of Law Practice Survey, the $700 rate is $80 above the ninety-fifth percentile for both the equity partner hourly rate and the hourly rate for attorneys who have been practicing twenty-six to thirty years. *Id.* at 856 (Tables 3 and 4); *see id.* at 837 ("I have more than [twenty-five] years of complex commercial

4

litigation experience."). Two, the $700 rate is $85 above the ninety-fifth percentile for attorneys practicing in Southfield. ECF 12, PgID 857 (Table 6); *see id.* at 842. It is also more than $100 above the ninety-fifth percentile for attorneys practicing commercial litigation. ECF 12, PgID 858 (Table 7); *see id.* at 837. Three, even if the survey "set[] the 95th percentile lower than it actually is," *id.* at 840 n.2, the $700 rate exceeds every applicable 95th percentile metric in the 2020 survey, and therefore should be adjusted. *Cernelle v. Graminex, LLC*, 539 F. Supp. 3d 728, 739–40 (E.D. Mich. 2021). But considering counsel's lengthy experience in commercial litigation, the Court will adjust the partner's hourly rate to $620, to reflect the 95th percentile for the equity partner hourly rate, the hourly rate for attorneys who have been practicing twenty-six to thirty years, and the Southfield attorney hourly rate. ECF 12; PgID 856–57 (Tables 3, 4, and 6); *see Cernelle*, 539 F. Supp. 3d at 740.

In sum, the Court will use the following hourly rates to calculate the attorneys' fees award: $620 for the partner, $340 and $290 for the senior associates, and $215 for the junior associate.

II.  Reasonable Number of Hours

In total, Plaintiff's counsel worked 64.5[1] hours on matters related to removal of the case. Plaintiff's counsel submitted details about the hours each attorney worked on the case. *Id.* at 838–39. The Court will address the reasonableness of each attorney's time in turn.

---

[1] Plaintiff's counsel erred in its calculation at paragraph (7)(b). ECF 12, PgID 838. The total hours worked should equal 12.2 (1.5 + 3 +6.9 + 0.8). *Id.* And 64.5 hours is the total of 30 + 12.2 + 8 + 14.3.

Mr. Michael Jacobson, partner, billed 3 hours analyzing the notice of removal, drafting and filing the remand motion, and conducting research on the remand motion. *Id.* at 838. He billed 1.5 hours analyzing Defendant's response opposing remand and researching and drafting the anticipated reply brief. *Id.* He billed 3.5 hours analyzing the Court's order remanding the case, directing and preparing the filing of fees evidence, and corresponding with his client about those issues. *Id.* Mr. Jacobson therefore billed a total of 8 hours on the case. After reviewing the detailed billing explanation, the Court finds that his time was reasonable and did not involve excessive or redundant hours.

Mr. Michael Pomeranz, senior associate, billed 21 hours analyzing the notice of removal, drafting and filing the remand motion, and conducting research on the remand motion. *Id.* at 838. He billed 3 hours analyzing Defendant's response opposing remand and researching and drafting the anticipated reply brief. *Id.* He billed 3.5 hours analyzing the Court's order remanding the case, directing and preparing the filing of fees evidence, and corresponding with his client about those issues. *Id.* He billed 7 hours analyzing and researching Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), seeking an extension of time to respond to the motion, and evaluating the applicability of Rules 16 and 26 to removed actions. *Id.* at 838–39. Mr. Pomeranz therefore billed a total of 34.5 hours on the case.

After reviewing the detailed billing explanation, the Court finds that his time was reasonable and did not involve excessive or redundant hours.[2]

Mr. James Kresta, senior associate, billed 3 hours analyzing the notice of removal, drafting and filing the remand motion, and conducting research on the remand motion. *Id.* at 838. He billed 6.9 hours analyzing Defendant's response opposing remand and researching and drafting the anticipated reply brief. *Id.* He billed 1 hour analyzing the Court's order remanding the case, directing and preparing the filing of fees evidence, and corresponding with his client about those issues. *Id.* He billed 6.9 hours analyzing and researching Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), seeking an extension of time to respond to the motion, and evaluating the applicability of Rules 16 and 26 to removed actions. *Id.* at 838–39. Mr. Kresta therefore billed a total of 17.8 hours on the case. After reviewing the detailed billing explanation, the Court finds that his time was reasonable and did not involve excessive or redundant hours.

Ms. Kelley Donnelly, junior associate, billed 3 hours analyzing the notice of removal, drafting and filing the remand motion, and conducting research of the remand motion. *Id.* at 838. She billed 0.8 hours analyzing Defendant's response opposing remand and researching and drafting the anticipated reply brief. *Id.* She

---

[2] Because the motion to dismiss relied on federal law, the Court finds that fees related to that work was specific to federal litigation and would not have been incurred had Defendant not removed the case. *See Grifo & Co. v. Cloud X Partners Holdings, LLC*, No. 20-10858, 2021 WL 672118, at *4 (E.D. Mich. Feb. 22, 2021) (Cleland, J.). The time worked on the motion to dismiss is thus recoverable as a result of Defendant's unreasonable removal.

7

billed 0.4 hours analyzing and researching Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), seeking an extension of time to respond to the motion, and evaluating the applicability of Rules 16 and 26 to removed actions. *Id.* at 838–39. Ms. Donnelly therefore billed a total of 4.2 hours on the case. After reviewing the detailed billing explanation, the Court finds that her time was reasonable and did not involve excessive or redundant hours.

III. <u>Lodestar Amount</u>

Based on the hours and rates discussed above, the lodestar amount for counsel is as follows:

- Mr. Michael Jacobson, partner: $4,960.00 (8 hours multiplied by $620/hour)
- Mr. Michael Pomeranz, senior associate: $11,730.00 (34.5 hours multiplied by $340/hour)
- Mr. James Kresta, senior associate: $5,162.00 (17.8 hours multiplied by $290/hour)
- Ms. Kelley Donnelly, junior associate: $903.00 (4.2 hours multiplied by $215/hour)
- Total: $22,755.00

IV. <u>Other Factors</u>

The lodestar calculation subsumes several factors relevant to the Court's analysis.[3] But the lodestar method does not include all relevant factors, so the Court will now address the remaining factors.

    *A.    Amount Involved and Results Obtained*

The amount in controversy encompassed three tort claims against Defendant in excess of $845,000.00. ECF 1, PgID 3 (citing ECF 1-1, PgID 10–11). Because the case was remanded, ECF 9, the results obtained were what the Court would expect from lawyers moving to remand a case that was removed "so late" that "Defendant had no reasonable basis for removing the case." ECF 9, PgID 833. The factor thus favors no departure of the lodestar.

    *B.    Awards in Similar Cases*

Neither party briefed the factor, but the Court will note that Plaintiff's tactical decision to both move for a remand and respond to the motion to dismiss is in line with how the Court would expect a party to prosecute its case. The costs involved with that tactical decision were therefore reasonably incurred by Plaintiff. The factor is thus neutral.

---

[3] For example, the reasonableness of hours worked and of hourly rates includes: "time and labor required," "the skill requisite to perform the legal service properly," "the customary fee," "time limitations imposed by the client or the circumstances," "the experience, reputation, and ability of the attorneys," and the "nature and length of the professional relationship with the client." *See Disabled Patriots*, 424 F. Supp. 2d at 965–66.

### C. *Desirability of the Case*

Neither party briefed the factor, and nothing appeared undesirable about the case. The factor favors no downward departure of the lodestar.

### D. *Novelty and Difficulty of the Questions Involved*

The factor favors no adjustment because the case did not appear complex or novel, yet the motions filed before remand did not appear groundless or frivolous. *See* ECF 3; 4.

### E. *Preclusion from Other Employment*

Although neither party briefed the factor, the Court finds that it favors a downward adjustment to the lodestar amount. Plaintiff's counsel billed 64.5 hours, among four attorneys, on the case between removal and the filing of the attorneys' fees affidavit (about two months). ECF 1; 12. It follows that counsel was not precluded from undertaking other work. As a result, the factor favors a slight downward adjustment.

### F. *Calculation of Adjustments*

After considering the factors, the Court will make one final adjustment. The Court will reduce the overall fee award by one percent. The reduction balances the need to avoid a windfall with the need to encourage competent counsel to take similar cases. *See Adcock-Ladd*, 227 F.3d at 349.

V.  Award

The Court's award will reflect the one percent adjustment:

- Total: $22,527.45 (lodestar amount of $22,755.00 minus one percent)[4]

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff is **AWARDED** costs and attorneys' fees in the amount of **$22,527.45**.

**IT IS FURTHER ORDERED** that Defendant must **PAY** Plaintiff the awarded amount **no later than thirty days** after this Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must promptly **FILE** a notice of satisfaction of its award after receipt of the payment.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 25, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 25, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

---

[4] Plaintiff calculated its total fees due at $21,974.00. ECF 12, PgID 839. Because counsel did not break down its calculation, the Court cannot determine where the math error occurred. *See* ECF 12, PgID 836–40. But the Court's award of $22,527.45 is based on the individual billing rates and hours billed as provided by counsel.